## 7819

### · STATE v. FULLBRIGHT.

JURORS—CHALLENGES.—When it is agreed between State and defense to waive the rule requiring each juror to be presented singly and to object alternately to the full box, the State may object to one originally drawn after declining to object twice and after three new jurors had been put in the box to fill defendant's objections.

Before GARY, J., Anderson, September, 1910.   Affirmed.

Indictment against Hamp Fullbright for selling liquor. Defendant appeals.

*Mr. A. G. Dagnall,* for appellant, cites: 70 S. C. 397; 36 S. C. 508; 12 Ency. P. & P. 502.

*Solicitor P. A. Bonham,* contra.   Oral argument.

March 14, 1911.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   Rule 25 of the Circuit Court provides that, in empanelling a jury in criminal cases, the jurors shall be drawn and presented to the accused one at a time.   In this case, the rule was waived, and the callenges were made from a full box by the State and defendant alternately.   When first called upon, the solicitor responded, "no objection."   The defendant challenged one, whose place was filled, and so a second juror was challenged and his place filled, each time the solicitor announcing "no objection," until the defendant challenged a third juror.   When called upon the fourth time, the solicitor challenged one of the twelve originally presented.   The defendant objected, on the ground that the juror challenged had already been accepted, and that, by passing them, the solicitor had waived the right to challenge any of the jurors, except the one last drawn.   The objection was overruled.   The ruling was cor-

rect.   By refusing to challenge when called upon the first, second and third times, the solicitor must be understood to have expressed himself as satisfied with the jury, as then constituted; but that could not have been construed to mean that he would be satisfied with it, when differently constituted, as the result of the defendant's succeeding challenge.   There is no provision of law which forbids either party challenging any juror, for cause or peremptorily, unless his right of peremptory challenge has been exhausted, until the jury has been finally accepted and sworn.

The method of empanelling adopted was decidedly favorable to the defendant; for he was thereby informed in advance of twelve of the jurors, who would, otherwise, have been presented singly.   This not only enabled him to exercise his challenges more advantageously, but, to that extent, gave him the right of selection in addition to the right of rejection,—a result which rule 25 was intended to prevent. The right to challenge is a right to reject, not a right to select.   Therefore, if there had been error in the ruling, it would not have availed the defendant, because it appars that a satisfactory jury was obtained, without exhausting his peremptory challenges.

Affirmed.